# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Protected Vehicles, Inc.,<br><br><br>Debtor(s). | C/A No. 08-00783-DD<br><br>Adv. Pro. No. 08-80040-DD<br><br>Chapter 11 |
| Aurora Management Partners, Inc. as Liquidating Supervisor for Protected Vehicles, Inc.,<br><br><br>Plaintiff(s),<br><br>v.<br><br>GC Financial Services, Inc.<br>Richard KC Lee<br>Steven Gregory<br>Kent R Martin<br>Tommy D.M. Lee<br>Terrance R. Martin,<br><br><br>Defendant(s). | **ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

THIS MATTER is before the Court on Richard "K.C." Lee's (""Defendant Richard Lee" or "Defendant"") Motion to Dismiss for Lack of Personal Jurisdiction ("Motion"). An Objection to Defendant's Motion was filed by Aurora Management Partners, Inc. as Liquidating Supervisor for Protected Vehicles, Inc. ("Plaintiff" or "Liquidating Supervisor").  A hearing was held and the Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052.

### FINDINGS OF FACT

This adversary proceeding arises out of and relates to the Protected Vehicles, Inc.'s ("Debtor") chapter 11 bankruptcy. The Debtor's case was initiated upon the filing of an involuntary chapter 7 petition on January 15, 2008. On February 5, 2008, the Debtor filed an answer to the involuntary petition and voluntarily filed the chapter 11 petition commencing the bankruptcy case underlying this adversary proceeding. On August 18, 2009, the debtor and Unsecured Creditors Committee filed a Joint Plan of Liquidation under chapter 11 of the Bankruptcy Code, which, as amended, was confirmed on February 9, 2009 and became effective on February 20, 2009. Pursuant to the Plan of Liquidation, the Liquidating Supervisor is authorized, among other duties, to bring this adversary proceeding.

GC Financial Services, Inc ("GCFS") is an entity organized and existing under the laws of the State of Nevada and transacts business in the State of South Carolina. A primary purpose of GCFS was to provide financing for Debtor. Defendant Richard Lee is the father of one of the stockholders and former directors of the Debtor, Defendant Tommy Lee. Defendant Tommy Lee is also a stockholder and director of GCFS.

Defendant Richard Lee is a citizen of the Hong Kong Special Administrative Region of The People's Republic of China. His permanent and primary residence is in Hong Kong. Defendant Richard Lee is 84 years old. Defendant Richard Lee does not now own, nor has he ever owned, either directly or indirectly, any interest in either the Debtor or GCFS.

Defendant Richard Lee made a $3,000,000 loan to GCFS in March of 2007 knowing that GCFS intended to use the funds to make a loan to the Debtor. On March 12,

2007, the outstanding principal of the Debtor's aggregate loans from GCFS increased from $6,023,500 to 9,026,500.  Defendant Richard Lee made a second loan to GCFS for $2,500,000 on September 17, 2007.  However, the Debtor's books and records indicate that on September 14, 2007 the Debtor received a wire transfer directly from Defendant Richard Lee in the amount of $2,499,980 through the Hong Kong and Shanghai Banking Corporation.  This transfer was credited to the Debtor's bank account with BB&T.  Concurrently, the outstanding principal of the Debtor's aggregate loans with GCFS increased by $2,500,000, from $12,158,500 to $14,658,500.

Defendant Richard Lee understood that GCFS would use his funds to make a short-term $2,500,000 loan to the Debtor and that GCFS would repay the loan with interest in approximately 10 days.  Defendant Richard Lee contends that upon the request of his son, Defendant Tommy Lee, he asked his bank to wire transfer the loan proceeds directly to the Debtor.  The Plaintiff alleges that on September 19, 2007, the Debtor transferred a $250,000 payment to GCFS for the benefit of Defendant Richard Lee.  On September 28, 2007, Defendant Richard Lee's bank in Hong Kong received a wire transfer in the sum of $1,000,000 from the Debtor.  Defendant Richard Lee contends that he did not request this payment from the Debtor, nor did he expect to receive a payment from the Debtor, since his loan transaction had been with GCFS.  The Liquidating Supervisor alleges that the Debtor's Bank Account Activity Report indicates that the $1,000,000 transfer was repayment of an "Investor Loan" and lists the vendor name as "R.Lee/GCF."  The Plaintiff also alleges that on October 4, 2007, the Debtor transferred a $1,265,000 payment to GCFS for the benefit of Defendant Richard Lee.  Thus the Plaintiff contends that between

September 19, 2007 and October 4, 2007, the Debtor transferred a total of $2,515,000 to or
for the benefit of Defendant Richard Lee.

The $1,500,000 balance of Defendant Richard Lee's $2,500,000 loan to GCFS was
not repaid.  Defendant Richard Lee did receive five interest payments from GCFS,
stemming from the loans he made to GCFS for the purpose of financing the Debtor.  These
five payments, before tax, totaled $195,000.  GCFS withheld $19,583 in federal taxes on
the interest paid to Defendant Richard Lee.

On March 21, 2008, the Debtor commenced this adversary proceeding against
Defendant GCFS requesting a declaratory judgment that GCFS was an insider of the
Debtor and seeking to avoid perfection of GCFS's asserted liens on the Debtor's assets.
The Official Committee filed a motion to institute a lawsuit on behalf of the Debtor against
GCFS and to consolidate it with this action, or in the alternative, to intervene in this action
and file an amended complaint.  While that motion was pending, the Debtor filed an
amended complaint against GCFS, broadening the scope of the relief it sought against
GCFS.  Thereafter, the Debtor agreed that the Committee could intervene as co-plaintiff
and that Committee counsel would be retained by the estate to prosecute this adversary
proceeding and other matters.

On October 31, 2008, the Debtor and the Committee filed a Second Amended
Complaint adding Richard Lee as a defendant, seeking a declaration that Richard Lee was
an insider of the Debtor and seeking to avoid the $1,000,000 transfer that the Debtor had
made to Richard Lee.  On August 27, 2009, the Debtor and the Committee sought an order
allowing them to join additional defendants in this adversary proceeding.  That motion was
granted on September 17, 2009.  On October 13, 2009, the Liquidating Supervisor filed a

Third Amended Complaint in this adversary proceeding.  Thereafter, by Consent Order

entered on October 16, 2009, the Liquidating Supervisor was substituted as plaintiff in this

adversary proceeding.

The Liquidating Supervisor was unable to serve Richard Lee.  However by the

Acceptance of Service entered on February 5, 2010, Defendant Richard Lee accepted

service of the Summons and Third Amended Complaint effective February 24, 2010.  The

Acceptance of Service specifically provides that:

> 5.  Acceptance of service of Summons and the Third Amended
>     Complaint in the Adversary Proceeding shall constitute and be
>     deemed to be a waiver of any objections or defenses pursuant to
>     Rule 12(b)(4) and Rule 12(b)(5) as applicable in the Adversary
>     Proceeding pursuant to Rule 7012 of the Federal Rules of
>     Bankruptcy Procedure.
> 6.  Except as provided in Paragraph 5 above, acceptance of service of
>     Summons and the Third Amended Complaint in the Adversary
>     Proceeding is not, shall not be deemed as, and shall not be either a
>     general appearance or claimed to be a voluntary or involuntary
>     waiver by Richard K.C. Lee of any of his defenses to the
>     Adversary Proceeding, including, but not limited to, his defenses
>     that the Court lacks personal and subject matter jurisdiction in the
>     Adversary Proceeding.

Other defendants moved to dismiss the Third Amended Complaint and alternatively sought

a more definite statement of certain allegations in the Third Amended Complaint.

On March 17, 2010 the Court denied that motion to dismiss, but granted the motion

for a more definite statement.  On March 24, 2010, the Liquidating Supervisor filed his

Fourth Amended Complaint.  As contemplated by the Acceptance of Service, Defendant

Richard Lee now moves to dismiss this action for a lack of personal jurisdiction.

## *CONCLUSIONS OF LAW*

Defendant Richard Lee contends that his contacts with the United States are

insufficient for this Court to exercise personal jurisdiction over him.  Defendant Richard

Lee further argues that should this Court find that his contacts with the United States are sufficient for the exercise of personal jurisdiction, that it is unreasonable to require him to defend litigation in the United States.  The Liquidating Supervisor alleges that Defendant Richard Lee's contacts with the United States are sufficient for the exercise of personal jurisdiction, and further contends that it is reasonable to require Defendant Richard Lee to defend this cause of action in the United States.

In a bankruptcy case, personal jurisdiction over a foreign defendant exists when a defendant consents to jurisdiction by filing a proof of claim in the bankruptcy case or has sufficient minimum contacts with the United States to satisfy the Fifth Amendment's due process standard.  *Picard v. Cohmad Securities Corp. (In re Bernard L. Madoff Investment Securities, LLC)*, 418 B.R. 75, 79 (Bankr. S.D.N.Y. 2009).  If there are sufficient minimum contacts with the United States the court must weigh whether exercising jurisdiction will offend "traditional notions of fair play and substantial justice."  *Asahi Metal Indus. Co., Ltd. v. Super. Ct. Cal.*, 480 U.S. 102, 113 (1987).  Evidence should be construed in the light most favorable to the plaintiff and factual disputes should be resolved in the plaintiff's favor.  *Madoff*, 418 B.R. at 80 (*citing Distefano v. Carozzi North America Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)).

In this case Defendant Richard Lee, who is a resident of Hong Kong, has not filed a claim against the Debtor or otherwise consented to the jurisdiction of this Court.  The issue then is the extent of Defendant Richard Lee's contacts and whether these are sufficient for this Court to exercise personal jurisdiction.  If sufficient contacts with the forum support personal jurisdiction, then the Court will examine the reasonableness of requiring Defendant Richard Lee to defend litigation in the United States.

Personal jurisdiction is the statutory or constitutional basis for a court to assert judicial authority over a party and bind him with its decision. *See* 1 James Wm Moore et al., Moore's Manual: Federal Practice and Procedure §6.01[1] (2010). Personal jurisdiction falls into two categories, general personal jurisdiction and specific personal jurisdiction. General personal jurisdiction requires that a defendant have systematic and continuous contacts with the forum such that he has a reasonable expectation to be required to defend any litigation arising in that forum. Specific personal jurisdiction exists when the litigation arises out of and relates to a defendant's contacts with the forum in connection with the activities that give rise to the litigation.

## I.        General Personal Jurisdiction

General personal jurisdiction may be asserted where a defendant's activities in the forum have been continuous and systematic. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction over a defendant is exercised when a forum extends personal jurisdiction in a suit that is not related to the defendant's contacts with the forum. *Id.* However, the threshold level of contacts sufficient for the exertion of general jurisdiction is substantially higher than for specific jurisdiction. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). Even when the cause of action does not arise out of or relate to the nonresident defendant's activities in the forum, due process is not offended by a forum exercising its *in personam* jurisdiction over a nonresident defendant when there are sufficient contacts between the forum and the nonresident defendant. *Helicopteros*, 466 U.S. at 414.

The *Helicopteros* case involved a wrongful death action instituted in a Texas state court against a Colombian corporation. In *Helicopteros*, the Supreme Court held that

general jurisdiction was not established over a nonresident defendant where the defendant's

contacts with the forum were limited to equipment purchases and personnel training.  *Id.* at

418.  In that case the Colombian defendant also accepted checks from a Texas bank

however the Supreme Court held, "[s]uch unilateral activity of another party or a third

person is not an appropriate consideration when determining whether a defendant has

sufficient contacts with a forum State to justify an assertion of jurisdiction."  *Id.* at 417; *see*

*also*, *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (stating, "The unilateral activity of

those who claim some relationship with a nonresident defendant cannot satisfy the

requirement of contact with the forum State").

        In this case, what is known of Defendant Richard Lee's contacts with the United

States do not rise to the level of continuous and systematic activities sufficient to meet the

due process requirements for general personal jurisdiction.  We turn then to consideration

of specific personal jurisdiction.

## II.        Specific Personal Jurisdiction

        The exercise of specific personal jurisdiction is appropriate where a non-resident

defendant has purposefully directed his activities at forum residents and the underlying

litigation arises from, or is directly related to, the defendant's contacts with the forum.  *In*

*re Tirex Int'l., Inc.*, 395 B.R. 192, 189 (Bankr. S.D. Fla. 2008) (*citing, Cable/Home*

*Communication Corp. v. Network Productions, Inc.*, 902 F.2d 839, 957 (11th Cir. 1990));

*see also, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  The defendant's

activity need not have taken place within the forum, and a single transaction with the forum

is sufficient.  *Madoff*, 418 B.R. at 80 (*citing, Burger King*, 471 U.S. at 476; *McGee v. Int'l*

*Life Ins. Co.*, 355 U.S. 220, 223 (1957)).  There must be an act by which the defendant

purposefully avails himself of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The power to exercise personal jurisdiction over nonresidents remains limited, despite the growing ease with which business is conducted across borders in the context of state long arm statutes. *See, ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).

Courts within the Fourth Circuit test for specific personal jurisdiction by considering (1) the extent to which the defendant purposefully availed himself of the privilege of conducting activities in the forum; (2) whether the plaintiff's claims arise out of those activities directed at the forum; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable. *Id.* at 712. In *ALS Scan* the Fourth Circuit addressed whether a person electronically transmitting or enabling the transmission of information via the Internet to Maryland, causing injury there, subjects the person to the jurisdiction of a court in Maryland. *Id.* The Court of Appeals found that, "[a] passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Id. (citing, Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)). The Court of Appeals concluded:

> [A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.

*Id.* at 714.

At issue in this case is a federal long arm statute.  Hence, contacts with a particular state are not required.  What is at issue are Defendant Richard Lee's contacts with the United States.  Here, Defendant Richard Lee admits to a wire transfer of $2,499,980 directly to the Debtor in South Carolina, albeit at the request or GCFS.  It is also apparent that Defendant Richard Lee transferred $3,000,000 to GCFS in the United States, to enable GCFS to loan those funds to the Debtor.  Defendant Richard Lee received a payment directly from the Debtor in the amount of $1,000,000.  Defendant Richard Lee also received other payments from GCFS originating in the United States and federal taxes were withheld from interest payments to him.  These activities give rise to the alleged preferential payment cause of action underlying the Liquidating Supervisor's Complaint. In this case Defendant Richard Lee's transfers of money from Hong Kong to the United States were for the specific purpose of directing business activity to the United States.  The Liquidating Supervisor's claims arise out of the business activity directed to the United States by Defendant Richard Lee.  For these reasons, the exercise of specific personal jurisdiction of Defendant Richard Lee is appropriate.

**III.    Reasonableness**

Where a defendant's contacts with a forum are sufficient to establish personal jurisdiction, courts then look to whether the exercise of personal jurisdiction comports with "fair play and substantial justice." *Int'l Shoe. Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Asahi Metal Indus. Co., Ltd. v. Super. Ct. Cal.*, 480 U.S. 102, 107 (1987).  Analysis of the reasonableness of a court's jurisdiction over a nonresident defendant requires consideration of the burden upon the defendant, interests of the forum, the plaintiff's interest in obtaining relief, and the judicial system's interest in obtaining the most efficient resolution of

controversies. *Asahi*, 480 U.S. at 113. "When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on an alien defendant." *Id.*

In the bankruptcy context one court has noted that, "the United States has a strong interest in applying the fraudulent transfer and preference provisions of its Bankruptcy Code. *Madoff*, 418 B.R. at 81. In *Madoff* the Trustee's claims arose solely under United States bankruptcy law, and the defendants made transfers which allegedly deprived creditors in the United States of distribution to which they may be entitled following that debtor's liquidation. *Id.* In *Madoff*, the court found that exercising jurisdiction was reasonable as the most efficient resolution of the controversy was in the United States where that debtor's liquidation was ongoing before the court. *Id.* at 83.

In this case, requiring Defendant Richard Lee to appear and defend litigation constitutes a burden. The Defendant is 84 years old and travel between the United States and Hong Kong, while easily accomplished, is expensive and time consuming. However, these concerns are outweighed by the interests of the Plaintiff and the United States. All other defendants in this case, including Richard Lee's son, are located in the United States. The majority of the Debtor's creditors are located in the United States. Further, the Liquidating Supervisor's causes of action against Defendant Richard Lee constitutes a substantial asset of the Debtor's estate. As in *Madoff*, the Liquidating Supervisor's causes of action against Defendant Richard Lee arise under the Bankruptcy Code, seeking the avoidance and recovery of approximately $2,515,000 pursuant to 11 U.S.C. §§ 547(b) and 550. The exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice under these circumstances.

*CONCLUSION*

The Plaintiff has made a *prima facie* case through its Complaint and supporting materials that this Court has personal jurisdiction over Defendant Richard Lee.  Defendant Richard Lee has sufficient contacts with the United States to meet due process requirements for specific personal jurisdiction.  Finally, requiring Defendant Richard Lee to appear and defend the allegations asserted against him in the Complaint is reasonable and does not offend traditional notions of fair play and substantial justice.

IT IS THEREFORE ORDERED that the Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**05/28/2010**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/28/2010